**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Edward Lee SMITH, Defendant–Appellant.**

**No. 01–2125.**

United States Court of Appeals, Sixth Circuit.

Oct. 31, 2002.

Before MARTIN, Chief Circuit Judge; NELSON, and GILMAN, Circuit Judges.

## ORDER

Edward Lee Smith appeals the judgment of conviction and sentence entered on his plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possession with intent to distribute approximately 31 grams of crack cocaine in violation of 21 U.S.C. § 841(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In light of Smith's previous drug convictions, the district court sentenced Smith to 120 months of imprisonment on each count to be served concurrently under the provisions of 21 U.S.C. § 841(b)(1)(B). Trial counsel was allowed to withdraw, and Smith appeals with the benefit of appointed appellate counsel.

In his timely appeal, Smith's appellate counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Smith has not responded to his counsel's motion to withdraw.

Upon review, we hereby grant counsel's motion to withdraw as it reflects that appellate counsel has independently reviewed the entire record and proceedings. Concluding that no grounds for appeal can be sustained, counsel has submitted no issues for review.

The court has reviewed the record and discovered no error warranting reversal of Smith's conviction or sentence. Smith pleaded guilty knowingly, intelligently, and voluntarily. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently, as determined under the totality of the circumstances. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama,* 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The record should reflect a full understanding of the direct consequences so that the plea represents a voluntary and intelligent choice among the alternatives. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record in this case clearly reflects that Smith entered a valid guilty plea. At the plea hearing, the district court very carefully reviewed with Smith the provisions of the plea agreement, the rights he was waiving, and the maximum penalties he faced under the applicable statutes, including length of imprisonment and supervised release. The district court also reviewed the counts of the indictment to which Smith was pleading guilty, and Smith acknowledged his guilt.

The district court properly accepted Smith's guilty plea because the transcripts of the plea hearing and sentencing proceeding clearly establish that Smith was competent to plead guilty, and that under the totality of the circumstances, Smith's plea was entered voluntarily, knowingly, and intelligently. *See Brady,* 397 U.S. at 749, 90 S.Ct. 1463. In addition, a factual basis was established for the plea as required by Fed.R.Crim.P. 11(f). *See United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

The district court properly sentenced Smith in accordance with the parties' plea agreement. The mandatory maximum sentence for Smith's firearm offense is ten years. The mandatory minimum sentence for Smith's cocaine offense is ten years pursuant to 21 U.S.C. § 841(b)(1)(B), because Smith had three prior felony drug convictions. Thus, the guideline range

was 120–125 months. The government recommended the lowest possible sentence, and the district court accepted that recommendation.

Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.